William Robert OLIVER, Appellant,

v.

The STATE of Texas, Appellee.

No. 1269–91.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 12, 1994.

Kenneth W. Smith, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. & Ernest Davila, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MEYERS, Judge.

Appellant was convicted of unlawfully possessing methamphetamine, a controlled substance. His punishment, enhanced by a prior felony conviction, was assessed at ten years confinement in the penitentiary. On direct appeal he complained, among other things, that he was denied his right to the assistance of counsel at a preindictment hearing in violation of the Constitutions of Texas and the United States, and of article 1.051, Texas Code of Criminal Procedure. The Court of Appeals affirmed, holding that, although Appellant did have the right to an attorney at the proceeding in question, his failure to request appointment of counsel under article 1.051(c) effectively waived that right. *Oliver v. State*, 813 S.W.2d 762, 764–65 (Tex.App.—Houston [1st Dist.] 1991). We granted Appellant's petition for discretionary review to determine whether, at critical stages of the adversary criminal process, an accused may be subjected to judicial proceedings without the assistance of counsel unless he affirmatively requests the appointment of an attorney to represent him pursuant to article 1.051(c). Tex.R.App.P. 200(c)(2).

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the assistance of counsel for his defence." This assurance has long been construed to require, absent an effective waiver, that an attorney be appointed by the court to represent a criminal defendant who is unable to procure the services of an attorney himself. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). And for more than fifty years, it has also been settled that the Sixth Amendment right to counsel is not forfeitable, but may only be waived by the conscious and intelligent decision of the person to whom it belongs. *Id.*

During most of our country's legal history, this important constitutional right was applicable only in trials before the federal courts. Criminal defendants in the state courts were, as a general rule, guaranteed legal representation by the United States Constitution only if, under the Due Process Clause of the Fourteenth Amendment, the trial would otherwise be "offensive to the common and fundamental ideas of fairness and right[.]" *Betts v. Brady*, 316 U.S. 455, 473, 62 S.Ct. 1252, 1262, 86 L.Ed. 1595 (1942). In capital cases, this meant that the Fourteenth Amendment guaranteed appointed counsel for virtually every defendant who could not afford one himself. *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). In noncapital cases, however, the Due Process Clause was not construed to require quite so much protection. In such contexts, it usually assured the appointment of an attorney only for those who were unable to make an adequate defense by themselves because of some extreme incapacity, such as ignorance, mental deficiency, or illiteracy. *See, e.g., Moore v. Michigan*, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957). But, in any case, the right to counsel under the Fourteenth Amendment was considered so important that its benefit, like that of its Sixth Amendment counterpart, could not be forfeited by

inaction alone. *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). Rather, it too was to be implemented at trial except in cases where the defendant had knowingly and voluntarily given it up.

■ Accordingly, when the Sixth Amendment right to counsel was eventually construed in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), fully to reach most state criminal trials through the Fourteenth Amendment, there existed no reason to suppose that the manner of its implementation had been affected at all. *See Moore v. Michigan*, 355 U.S. at 161, 78 S.Ct. at 195. Because the right to counsel under both the Sixth and the Fourteenth Amendments had always been subject to the same waiver rules before *Gideon*, it was apparent that those rules would also apply afterwards. Thus,

> [t]he constitutional right of an accused to be represented by counsel invokes, of itself, the protection of the trial court, in which the accused—whose life or liberty is at stake—is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is a proper waiver by the accused.

*Johnson v. Zerbst*, 304 U.S. at 465, 58 S.Ct. at 1023.

■ We are not aware of any federal or state decisional law which has since compromised this rule or which might otherwise support a belief that the Sixth Amendment right to counsel is forfeited by a failure to request its implementation in the trial court. The United States Supreme Court has made it clear that the right to an attorney is a critical feature of the adversary system, not only guaranteed expressly by the Sixth Amendment, but also implicit in the Due Process Clause of the Fourteenth. Because it is a personal right of the accused, there is a concomitant right to waive it. But its fundamental place in our adjudicatory system has led to an insistence that its waiver not be lightly inferred. *Boyd v. Dutton*, 405 U.S. 1, 3, 92 S.Ct. 759, 760–61, 30 L.Ed.2d 755 (1972). Accordingly, while it is not indispensable that waivers be reduced to writing, or even that they be explicit, it is essential that no criminal defendant be subjected to formal adversarial judicial proceedings without a lawyer unless there is a basis for concluding that he knowingly, voluntarily, and intelligently relinquished or abandoned his right to the assistance of counsel. *Cf. North Carolina v. Butler*, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979); *Williams v. State*, 566 S.W.2d 919, 923 (Tex.Crim.App. 1978). Plainly, such a conclusion cannot rationally be reached on the basis only of a failure to request that a lawyer be appointed. *Swenson v. Bosler*, 386 U.S. 258, 260, 87 S.Ct. 996, 998, 18 L.Ed.2d 33 (1967); *Ex parte Rains*, 555 S.W.2d 478, 482 (Tex.Crim. App.1977).

■ Texas law is not to the contrary. The fact that trial courts are directed by statute in Texas to appoint attorneys at the request of indigent defendants does not mean that pending criminal charges may be litigated without the express or implied permission of defendants unrepresented by counsel. To so hold would violate not only the Sixth Amendment, but also the broad statutory scheme adopted for the implementation of our own constitutional and statutory rights to the assistance of counsel. *See* Tex. Const. art. I, § 10; Tex.Code Crim.P.Ann. arts. 1.05, 1.051. Rather, the evident purport of article 1.051(c) insofar as it directs the trial judge to appoint counsel "[i]f an indigent defendant is entitled to and requests appointed counsel" is twofold. It first means that an accused is not entitled to have counsel provided at government expense unless he can prove that he is indigent. *See also* Tex.Code Crim.P.Ann. art. 26.04. *Cf. Kitchens v. Smith*, 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971). It also means that counsel will not be appointed to represent him in any case unless he wishes it. *Burgess v. State*, 816 S.W.2d 424 (Tex. Crim.App.1991). *See Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).* The Texas statutory scheme, con-

---

* Indeed, it is a principle difference between the right to counsel and the right to self-representation that the former is in effect until waived whereas the latter is not in effect unless asserted. *Funderburg v. State*, 717 S.W.2d 637 (Tex.Crim. App.1986); *Burton v. Collins*, 937 F.2d 131 (5th

sistent with Sixth Amendment requirements, thus plainly imposes upon trial judges the principle obligation to conduct such inquiry as may be necessary to determine whether an accused desires and is eligible for the appointment of an attorney.

The appearance of a criminal defendant in court without counsel, therefore, necessitates an examination by the trial judge to assure that the defendant is actually aware of his right to retain an attorney and to discover whether he intends to do so. Such a colloquy between defendant and judge is not a part of the adversary process, but is a preliminary matter necessary for the judge to discharge independent duties of his office. If, after such inquiry, it appears that the defendant has resources sufficient to hire a lawyer, whether or not he actually intends to do so, the judge need not appoint a lawyer for him at government expense. In such event, failure of the accused to employ a lawyer may be regarded as an abandonment of his right, assuming he understands the importance of legal counsel and has been given sufficient opportunity to retain one. *Minjares v. State*, 577 S.W.2d 222, 224 (Tex. Crim.App.1978). On the other hand, if the trial judge is satisfied that the defendant cannot employ an attorney himself, he must appoint counsel for that purpose unless the defendant knowingly and voluntarily relinquishes his right to the assistance of counsel. Failing either a relinquishment or an abandonment of the right, the judge may not conduct any adversary judicial proceedings with respect to formal criminal charges until the accused is represented by an attorney.

Because it is apparent from the settled case law of this Court and the United States Supreme Court that failure to request counsel does not amount to the voluntary relinquishment or abandonment of a known right, it follows that the lower court erred to hold that Appellant waived his Sixth Amendment right to counsel by failing to request the appointment of an attorney under authority of article 1.051(c), Texas Code of Criminal Procedure. However, because the Court of Appeals also held that the hearing in ques-

tion was a critical stage of the criminal proceedings at which Appellant was entitled to counsel under the Sixth Amendment to the United States Constitution, and because it did not have the benefit of our opinion delivered this day in *Green v. State*, 872 S.W.2d 717 (Tex.Crim.App.1994), we vacate the judgment of the First Court of Appeals and remand the cause for further consideration in light of *Green.*

It is so ordered.

MILLER, J., concur in the result.

BAIRD, Judge.

I agree with the majority's holding that a defendant's right to counsel under the Sixth Amendment must be affirmatively waived and that no waiver may be implied from a defendant's failure to request counsel. *Oliver v. State*, 872 S.W.2d 713, 715 (Tex.Cr. App. delivered this day). *See also, Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962); *Lyles v. State*, 582 S.W.2d 138, 141 (Tex.Cr.App.1972); *and, Barker v. Wingo*, 407 U.S. 514, 525, 92 S.Ct. 2182, 2189, 33 L.Ed.2d 101 (1972).

However, for the reasons expressed in my concurrence in *Green v. State*, 872 S.W.2d 717 (Tex.Cr.App. delivered this day), I agree with the Court of Appeals that a defendant's preliminary initial appearance under art. 15.17 is a "critical stage" at which point his right to counsel arises under the Sixth Amendment. *Oliver v. State*, 813 S.W.2d 762, 764–765 (Tex.App.—Houston [1st Dist.] 1991).

With these comments I join only the judgment of the Court.

OVERSTREET and MALONEY, JJ., join this opinion.

Cir.1991) *cert. denied* —— U.S. ——, 112 S.Ct. 642, 116 L.Ed.2d 660.