**Michael Brian KEENER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–96–00253–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 26, 1997.

**838**

Edward M. Chernoff, Houston, for Appellants.

John B. Holmes, Keli Pool Roper, Houston, for Appellees.

Before MARGARET GARNER MIRABAL, WILSON and TAFT, JJ.

## OPINION

MARGARET GARNER MIRABAL, Justice.

A jury found appellant, Michael Brian Keener, guilty of driving while intoxicated. The trial court assessed punishment at two-years confinement, probated, and assessed a $500 fine. We affirm.

On June 10, 1995, appellant was charged by information with driving while intoxicated. Appellant retained counsel to represent him. On September 19, 1995, appellant's retained counsel filed a motion to withdraw.

A pretrial conference was held on September 20, 1995, during which the prosecutor and appellant's counsel stipulated that all pretrial discovery matters were complete. A discussion then ensued about retained counsel's motion to withdraw. Appellant stated to the trial court that he thought he could afford this particular counsel when he retained him, but found that he couldn't. Appellant admitted he had a degree in finance, and he was employed full time. At one time he was making $10,000 per month as a stockbroker. However, he had not paid his retained counsel in accordance with their agreement for representation.

The trial court stated his conclusion on the record that appellant was not indigent; on appeal, appellant does not complain about that finding. The court stated he would let appellant's retained counsel withdraw if appellant was not going to pay him, and the court asked appellant what he intended to do. Appellant replied: "I feel like I am going to have to represent myself. I have made some arrangements for some assistance." The court noted that appellant had represented himself pro se in his divorce proceedings. The court admonished appellant that it would not grant dilatory continuances of the trial, that appellant would have time to retain counsel, and that his failure to get a lawyer would not be a good reason to stop the case from going to trial. The judge then granted retained counsel's motion to withdraw.

The case was thereafter reset three times; trial was commenced before a jury on November 20, 1995. Appellant did not move to continue the trial. At a pretrial conference immediately before the trial commenced, the trial court confirmed with appellant that he wanted to represent himself at the trial. The trial court stated that it had appointed an attorney to sit with appellant during trial to answer questions appellant might have. That appointed counsel did sit with and assist appellant during trial.

In his sole point of error, appellant asserts the trial court erred in allowing appellant to proceed to trial without counsel.

The appearance of a criminal defendant without counsel necessitates an examination by the trial court to assure that the defendant is actually aware of his right to retain an attorney, and to discover whether he intends to do so. *Oliver v. State*, 872 S.W.2d 713, 716 (Tex.Crim.App.1994). If, after such inquiry, it appears that the defendant has resources sufficient to hire a lawyer, whether or not he actually intends to do so, the judge need not appoint a lawyer for him at government expense. *Id.* In such event, failure of the accused to employ a lawyer may be regarded as an abandonment of his right, assuming he understands the impor-

tance of legal counsel and has been given sufficient opportunity to retain one. *Id.*[1]

■ In the present case, appellant does not complain that he did not have a sufficient opportunity to retain counsel, nor does he claim that he did not have sufficient resources to hire a lawyer. The record shows that the trial court examined appellant to assure he knew he had a right to retain an attorney, and the trial court learned appellant did not intend to hire an attorney even though he had the financial ability to do so.

The record further reflects appellant understood the importance of legal counsel. This was shown by his personal dealings with lawyers and judges in connection with his divorce proceedings in which he represented himself pro se, as well as in connection with the current case in which appellant was represented by retained counsel through the completion of pretrial discovery. Further, appellant was a well-educated 31–year–old with a college degree in finance, who had been very successful in the securities industry as a stock broker.[2]

Because the record amply supports the conclusion that appellant abandoned his right to retain counsel, we hold the trial court did not err in allowing appellant to proceed to trial without counsel. Accordingly, we overrule appellant's sole point of error.

We affirm the judgment.

---

1. Even if appellant was indigent and entitled to appointed counsel, because the trial court appointed standby counsel, specific admonishments by the trial court were not required. *Robertson v. State*, 934 S.W.2d 861, 865–66 (Tex.App.—Houston [14th Dist.] 1996, no pet.).

2. Additionally, we note appellant conducted his defense in a fashion evidencing a good working knowledge of trial procedure. Appellant invoked the Rule, and he asked the Court to consider motions submitted in a previous hearing. He conducted vigorous cross-examination, including attempted impeachment and questions concerning the constitutionality of his arrest. Appellant also successfully made an offer of proof, and elicited testimony concerning the officer's potential motives for arresting him.