In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00263-CR
______________________________


JAMES CONLEY, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 03-0069X


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          James Conley was charged by indictment with four counts of indecency with a
child,


 two counts of aggravated sexual assault,


 and three counts of sexual assault.


 The
jury found Conley guilty on all counts. The trial court assessed his punishment, in
accordance with the jury's verdicts, at twenty years' imprisonment and a $4,000.00 fine on
each of the indecency and sexual assault counts, and at thirty-five years' imprisonment and
a $4,000.00 fine on the two aggravated sexual assault counts. Conley appeals, contending
the trial court failed to adequately warn him about the dangers of self-representation in
accordance with Faretta v. California, 422 U.S. 806 (1975). We overrule Conley's point of
error and affirm the judgment.
          The Sixth Amendment to the United States Constitution guarantees a defendant in
a criminal trial the right to the assistance of legal counsel. U.S. Const. amend. VI; Tex.
Const. art. I, § 10. Although the right to counsel may not be forfeited, it may be waived
as long as an affirmative waiver is made knowingly and intelligently. Faretta, 422 U.S. 806;
Oliver v. State, 872 S.W.2d 713, 715 (Tex. Crim. App. 1994). For this decision to be made
knowingly and intelligently, a defendant must be given a full understanding of the right to
counsel, and such defendant must be admonished about the dangers and disadvantages
of self-representation. Collier v. State, 959 S.W.2d 621, 626 (Tex. Crim. App. 1997) (citing
Faretta, 422 U.S. at 834–36). The admonishments about the dangers of self-representation, commonly referred to as "Faretta warnings," must be made a part of the
official record of the proceedings. Henderson v. State, 13 S.W.3d 107, 109 (Tex.
App.—Texarkana 2000, no pet.).
          In the instant case, shortly after the State finished questioning its first witness (the
victim), Conley informed the trial court that he wanted to fire his retained attorney and
continue the trial by representing himself. The trial court made several attempts to
dissuade Conley from self-representation, first stating, "I would advise you that you will be
at a great disadvantage representing yourself. [Retained counsel] is a skilled and
experienced criminal defense attorney and it would be foolish and unwise of you to
discharge him." Later, the trial court repeated its warning: "You [Conley] simply do not
have the training or the expertise to defend yourself in a criminal trial and I am advising you
strongly that you not do that." Nonetheless, Conley persisted in exercising his right to self-representation, and the trial court acquiesced. 
          However, before allowing Conley to proceed on his own, the trial court asked Conley
about his education (high school graduate; no college), about any specialized training or
military experience he had (none), and about his occupation (no legal training; worked in
hydraulic service maintenance for thirty-seven years). While the trial court believed Conley
to be both competent and intelligent, it warned him that he would "be subject to every rule
and procedure, the same as if [he was] licensed to practice law." The court also told
Conley that his questioning of witnesses would be limited to those matters that were only
permissible under the law and the Texas Rules of Evidence. Conley was further warned
he would be allowed no latitude even though he was not an attorney. And the court
expressly forbade Conley from violating the State's motion in limine or from going into the
victim's prior sexual conduct in violation of the Texas Rules of Evidence regarding the prior
history of sexual assault victims. See Tex. R. Evid. 412 (evidence of previous sexual
conduct in criminal cases). 
          Despite these warnings, Conley made it clear he wished to represent himself, even
going so far as asking the trial court to tell the jury he had fired his lawyer. The record of
the discussion between the court and Conley, which covers approximately fourteen pages
of the reporter's record, also shows Conley was aware of the gravity of the charges against
him and had been previously directing much of his attorney's trial strategy.


 The trial court
granted Conley's request, but appointed his retained attorney to continue as standby
counsel for Conley, should such a need arise. 
          Given the trial court's repeated warnings to Conley about the dangers of self-representation, the court's admonishments that Conley would be held to the same
standards as a trained attorney (including adherence to the Texas Rules of Evidence
regarding sexual assault victims), and the evidence in the record that Conley understood
the gravity of the charges against him and had been directing at least part of the trial
strategy, we must conclude Conley's decision to represent himself was the product of a
knowing and intelligent decision made after being first warned of the inherent dangers of
pursuing a path of self-representation. Accordingly, we overrule Conley's sole point of
error and affirm the trial court's judgment.


                                                                           Donald R. Ross
                                                                           Justice


Date Submitted:      September 30, 2004
Date Decided:         December 1, 2004

Do Not Publish