COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-320-CR

ROLAND DAVID LEWIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY COURT OF JACK COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In his sole issue, Appellant Roland David Lewis complains that the trial court erred by failing to clarify and address whether Appellant knowingly, intelligently, and voluntarily waived his right to counsel.  We reverse and remand.

BACKGROUND

On December 9, 2005, after a brief altercation with two Jacksboro police officers who were investigating a disturbance, Appellant was arrested and charged with resisting arrest.  A jury trial was scheduled for July 17, 2006, at which time Appellant appeared pro se and announced that he was not ready for trial.  Appellant stated that he thought the trial setting was just for the purpose of picking a jury and that he did not have his witnesses present.  The court then conducted a hearing on several pretrial matters.  The court proceeded with voir dire, and after the jury was sworn, Appellant entered a “not guilty” plea to the charge.  Appellant represented himself at the pretrial hearing and at trial.  The jury found him guilty, and the court assessed his punishment at confinement for one year, with the sentence probated for two years, plus a fine of $1,000.
(footnote: 2)

APPELLANT’S RIGHT TO COUNSEL

Appellant argues that the trial court committed fundamental error by not addressing whether Appellant knowingly, intelligently, and voluntarily waived his right to counsel under the Sixth and Fourteenth Amendments, and compounded this error by failing to conduct an indigency hearing to determine whether Appellant was entitled to court-appointed counsel prior to the trial on the merits.  He complains that the trial court also failed to admonish him with regard to the dangers and disadvantages of self-representation.  Therefore, he concludes that his substantial constitutional rights were harmed.
(footnote: 3) 

The Sixth and Fourteenth Amendments to the United States Constitution guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished by imprisonment.  U.S. 
Const
. amends. VI, XIV; 
Faretta v. California
, 422 U.S. 806, 807, 95 S. Ct. 2525, 2527 (1975).  
The right to self-representation is necessarily implied from the structure of the Sixth Amendment.  
Faretta
,
 422 U.S. at 819-20, 95 S. Ct. at 2533.  The Court in 
Faretta
 held that it is for the accused personally to decide whether assistance of counsel in his particular case is to his advantage, and his choice must be honored out of respect for the individual which is the lifeblood of the law, even if his choice may ultimately be to his own detriment.  
Id.
 at 834, 95 S. Ct. at 2540-41.

However, to be constitutionally effective, the decision to waive counsel must be made knowingly and intelligently, as well as voluntarily.  
Tex. Code Crim. Proc. Ann.
 art. 1.051(f) (Vernon 2005); 
Faretta
, 422 U.S. at 835, 95 S. Ct. at 2541.  “Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that ‘he knows what he is doing and his choice is made with eyes open.’“  
Faretta
, 422 U.S. at 835, 95 S. Ct. at 2541.  To be made voluntarily, the decision must be uncoerced.  
Collier v. State
, 959 S.W.2d 621, 626 (Tex. Crim. App.1997), 
cert. denied
, 525 U.S. 929 (1998).

A trial court is not required to make a formulaic inquiry into the defendant’s age, education, background, or previous mental health history whenever an accused expresses a desire to represent himself.  
Martin v. State
, 630 S.W.2d 952, 954 (Tex. Crim. App. 1982) (op. on reh’g).  However, the record must contain proper admonishments concerning pro se representation and any necessary inquiries of the defendant so that the trial court may make an assessment of the accused’s knowing exercise of the right to defend himself.  
Goffney v. State
, 843 S.W.2d 583, 584-85 (Tex. Crim. App.1992).  The record must be sufficient for a reviewing court to make an assessment that the defendant was made aware of the dangers and disadvantages of self-representation.  
Id.
 at 585; 
Johnson v. State
, 760 S.W.2d 277, 279 (Tex. Crim. App.1988).  To assure protection of a right as fundamental as the right to be represented by counsel, courts indulge every reasonable presumption against waiver of counsel.  
Trevino v. State
, 555 S.W.2d 750, 751 (Tex. Crim. App. 1977).  “A heavy burden rests upon the prosecution to demonstrate an intelligent, voluntary and knowing waiver of constitutional rights, particularly as applied to the right to retained or appointed counsel.”  
Id.

The Texas Code of Criminal Procedure provides that a defendant in a criminal matter is entitled to be represented by counsel in an adversarial judicial proceeding.  
Tex. Code Crim. Proc. Ann.
 art. 1.051(a).  The trial court has a statutory duty to appoint an attorney for an indigent defendant who requests appointed counsel to represent him.  
Id.
 art. 1.051(c).  This means an accused is not entitled to have counsel provided at government expense unless he can prove that he is indigent.  
Oliver
 
v. State
, 872 S.W.2d 713, 715 (Tex. Crim. App. 1994).
 
 It also means that counsel will not be appointed to represent him unless he wishes it.  
Id.  
The Texas statutory scheme, consistent with the Sixth Amendment requirements, imposes upon the trial judge the principle obligation to conduct such inquiry as may be necessary to determine whether the accused desires and is eligible for the appointment of an attorney.  
Id.
 at 715-16.  The appearance of a criminal defendant in court without counsel necessitates an examination by the trial judge to assure that the defendant is actually aware of his right to retain an attorney and to discover whether he intends to do so.  
Id.
 at 716.  A trial judge may not “sit idly by doling out enough legal rope for defendants to participate in impending courtroom suicide; rather, judges must take an active role in assessing the defendant’s waiver of counsel.”  
Blankenship v. State
, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984).  A trial judge must investigate as long and as thoroughly as the circumstances of the case before him demand.  
Id.
  To be valid, a waiver of counsel must be made with an apprehension of the nature of the charges, the range of allowable punishments, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.
(footnote: 4) 
 Id.

A trial judge can make certain an accused’s professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which a waiver of counsel is tendered.  
Id.
  Such a colloquy between the defendant and the judge is not part of the adversary process, but is a preliminary matter necessary for the judge to discharge independent duties of his office.  
Oliver
, 872 S.W.2d at 716.  “[I]f the trial judge is satisfied that the defendant cannot employ an attorney himself, he must appoint counsel for that purpose unless the defendant knowingly and voluntarily relinquishes his right to the assistance of counsel.”  
Id.
  Failing either a relinquishment or an abandonment of the right, the judge may not conduct any adversary judicial proceedings with respect to formal criminal charges until the accused is represented by an attorney. 
 Id.

The State asserts that at no time did Appellant request, either orally or in writing, that the trial court review his indigency status and appoint an attorney to represent him.  
At the post-conviction indigency hearing, Appellant acknowledged that at no time prior to his conviction had he applied for a court-appointed attorney. 
 However, the court of criminal appeals has clearly held that failure to request counsel does not amount to the voluntary relinquishment or abandonment of a known right.  
Id.
  As discussed in 
Oliver
, the right to an attorney is a critical feature of the adversary system, not only guaranteed expressly by the Sixth Amendment, but also implicit in the Due Process Clause of the Fourteenth Amendment.  
Id.
 at 715.

The State also asserts that the trial court “did independently (outside presence of jury) inquire of Mr. Lewis’s education, background, ability to read and write English language . . . and had done so at previous pretrials.”  During the pretrial hearing on July 17, 2006, Appellant testified that he has a criminal justice degree from the University of North Texas, an accredited four-year institution.  However, this information was not elicited by the court for the purpose of determining whether Appellant was indigent and requested an attorney or whether he desired to represent himself.  This limited pretrial testimony was given for the sole purpose of determining Appellant’s eligibility for community supervision.  There was absolutely no inquiry during the pretrial hearing concerning the subject of Appellant’s ability or desire to represent himself or whether he desired to have an attorney represent him. 

Our examination of the record fails to reveal any written or oral representation by the trial court explaining to Appellant that he was entitled to have an attorney appointed to represent him if he could not afford one, nor does the record contain any inquiry by the court regarding Appellant’s ability to retain an attorney, or his desire to represent himself.
(footnote: 5) 
 See
 
id.
 at 716.  Further, the record does not contain any written or oral waiver of Appellant’s right to have an attorney appointed to represent him.  
See id.
  Neither does the record contain any written or oral admonishment from the trial court to Appellant regarding the dangers and disadvantages of self-representation.  
See Faretta
, 422 U.S. at 835, 95 S. Ct. at 2541.  
In sum, the record does not contain any conversation, admonition, or inquiry between the trial court and Appellant regarding Appellant’s ability to hire an attorney, any desire he might have to represent himself and waive the right to an attorney, or the dangers and disadvantages of self-representation.  Accordingly, we hold that the trial court erred by not conducting the required inquiry regarding Appellant’s ability to hire an attorney and his desire to represent himself, by not admonishing Appellant regarding the dangers and disadvantages of self-representation, by not determining whether Appellant waived the right to have a court-appointed attorney if he was indigent, and if so, whether the waiver was made knowingly and voluntarily
.

HARM ANALYSIS

Having found error, we must determine whether this error is so fundamental as to defy a harm analysis, or whether we must proceed with a  harm analysis.  
See
 
Tex. R. App. P.
 44.2(a).  Neither Appellant nor the State address the subject of harm.  All errors, except federal constitutional errors labeled as “structural” by the Supreme Court, are subject to a harm analysis under rule 44.2.  
Mendez v. State
, 138 S.W.3d 334, 339-40 (Tex. Crim. App. 2004).  Structural error is “a ‘defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself.’”  
Id.
 at 340 (quoting 
Arizona v. Fulminante
, 499 U.S. 279, 310, 111 S. Ct. 1246, 1265  (1991)).  Most constitutional errors are not structural; that is, they can be harmless.  
Id.

We note that the issue of whether a trial court’s error in failing to admonish an appellant regarding the dangers of self-representation is structural error, or is subject to a harm analysis, is pending before the Texas Court of Criminal Appeals.  
See Williams v. State
, 194 S.W.3d 568, 579 (Tex. App.—Houston [14
th
 Dist.] 2006, pet. granted).
(footnote: 6)  The court of appeals in 
Williams
 held that the error was structural error and that there was no need to perform a harmless error analysis under rule 44.2.  
Id.
; 
see also Manley v. State
, 23 S.W.3d 172, 175 (Tex. App.—Waco 2000, pet. ref’d) (same holding).  Assuming 
arguendo
 that a harm analysis is required in the instant case, we apply rule 44.2(a) because the error is constitutional, and we reverse unless we determine beyond a reasonable doubt that the error did not contribute to Appellant’s conviction or punishment.  
See
 
Tex. R. App. P.
 44.2(a);  
Williams v. State
, 958 S.W.2d 186, 194 (Tex. Crim. App. 1997).  In applying the “harmless error” test, our primary question is whether there is a “reasonable possibility” that the error might have contributed to Appellant’s conviction.  
Mosley v. State
, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998), 
cert. denied
, 526 U.S. 1070 (1999).

Appellant was charged with resisting arrest, and the case was tried to a jury.  Appellant participated in the pretrial and trial proceedings; he filed several pretrial motions, he asked one question of the panel during voir dire, he cross-examined the State’s witnesses, he questioned his own witnesses, he reviewed the jury charge, and he participated in jury argument.  However, it is evident from reading the record that Appellant had no experience in pretrial or trial procedure, was unfamiliar with the rules of evidence, and was not adequately informed about how to properly conduct himself at trial.  Although the trial court was quite patient with Appellant during the July 17 pretrial hearing and jury trial, and consistently explained courtroom procedures to Appellant, the court ultimately felt compelled to admonish Appellant outside the presence of the jury regarding his conduct in the courtroom.  After a trial lasting one and one-half days, the jury deliberated for only fifty-five minutes before finding Appellant guilty.

Had the trial court informed Appellant of his right to court-appointed counsel if he was indigent, and had Appellant been appointed counsel if he proved his indigency status and desired counsel, it is reasonable to conclude that the jury trial would have proceeded differently.  After carefully reviewing the record and performing a harm analysis under rule 44.2(a), if such is required, we conclude that there is a reasonable possibility that the trial court’s error in failing to determine whether Appellant knowingly, intelligently, and voluntarily waived his right to counsel 
might have contributed to his conviction.  
See Mosley
, 983 S.W.2d at 259.
  Accordingly, we sustain Appellant’s sole issue.

                 
CONCLUSION

Having sustained Appellant’s sole issue, we reverse the judgment of the trial court and remand for a new trial. 

DIXON W. HOLMAN

JUSTICE

PANEL F:  HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  July 26, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Although the trial court’s judgment is entitled “JUDGMENT ON PLEA OF GUILTY BEFORE COURT—WAIVER OF JURY WITH COMMUNITY SUPERVISION ORDER,” part of this title appears to be incorrect.  The record reflects that Appellant pled not guilty before the jury and subsequently elected to have the court assess his punishment.

3:
Appellant has retained counsel on appeal.  During the pendency of this appeal, the trial court conducted a hearing on Appellant’s alleged indigency status and concluded that Appellant was indigent for purposes of procuring the appellate record.  In response to questioning by the court at the indigency hearing, Appellant testified that he had not paid his appellate counsel any retainer and that his arrangement with his counsel was that Appellant would pay him at a later date when he starts working and can get the money to pay him.

4:
“If the court determines that the waiver is voluntarily and intelligently made, the court shall provide the defendant with a statement substantially in the following form, which, if signed by the defendant, shall be filed with and become part of the record of the proceedings: . . . .”  
Tex. Code Crim. Proc. Ann.
 art. 1.051(g).  The end of the trial court’s judgment has a signature line for the “Attorney for Defendant” to approve the form of the judgment, and on this signature line is handwritten “NONE-WAIVED.”  However, this notation is not signed and there is no other reference in the record to Appellant’s having waived counsel.

5:
During the pretrial hearing, the State requested that the court “take judicial notice of the last Court order at the last pretrial which the Court indicated that Mr. Lewis needed to get an attorney.  Needed to file motions.”  The record does not contain any order addressing this issue, nor did the trial court rule upon the State’s request to take judicial notice.  Although the State did point out to the court at the pretrial hearing that Appellant was not represented by an attorney, this observation was made because Appellant had not yet filed an application for community supervision as is required before the court may consider granting community supervision. 

6:
See Issues Granted, No. 06-1245 (granted 12/13/06), http://www.cca.courts.state.tx.us/issues/ISSUES06272007.htm.