COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-320-CR

 

 

ROLAND DAVID LEWIS                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

                       FROM
COUNTY COURT OF JACK COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

In his sole issue, Appellant
Roland David Lewis complains that the trial court erred by failing to clarify
and address whether Appellant knowingly, intelligently, and voluntarily waived
his right to counsel.  We reverse and
remand.

 








BACKGROUND

On December 9, 2005, after a
brief altercation with two Jacksboro police officers who were investigating a
disturbance, Appellant was arrested and charged with resisting arrest.  A jury trial was scheduled for July 17, 2006,
at which time Appellant appeared pro se and announced that he was not ready for
trial.  Appellant stated that he thought
the trial setting was just for the purpose of picking a jury and that he did
not have his witnesses present.  The
court then conducted a hearing on several pretrial matters.  The court proceeded with voir dire, and after
the jury was sworn, Appellant entered a Anot guilty@ plea to the
charge.  Appellant represented himself at
the pretrial hearing and at trial.  The
jury found him guilty, and the court assessed his punishment at confinement for
one year, with the sentence probated for two years, plus a fine of $1,000.[2]

 

 

 

 








                            APPELLANT=S RIGHT TO COUNSEL

Appellant argues that the
trial court committed fundamental error by not addressing whether Appellant
knowingly, intelligently, and voluntarily waived his right to counsel under the
Sixth and Fourteenth Amendments, and compounded this error by failing to
conduct an indigency hearing to determine whether Appellant was entitled to
court‑appointed counsel prior to the trial on the merits.  He complains that the trial court also failed
to admonish him with regard to the dangers and disadvantages of self‑representation.  Therefore, he concludes that his substantial
constitutional rights were harmed.[3]









The Sixth and Fourteenth
Amendments to the United States Constitution guarantee that a person brought to
trial in any state or federal court must be afforded the right to the
assistance of counsel before he can be validly convicted and punished by
imprisonment.  U.S. Const. amends. VI, XIV; Faretta v.
California, 422 U.S. 806, 807, 95 S. Ct. 2525, 2527 (1975).  The right to self-representation is
necessarily implied from the structure of the Sixth Amendment.  Faretta, 422 U.S. at 819‑20, 95
S. Ct. at 2533.  The Court in Faretta
held that it is for the accused personally to decide whether assistance of
counsel in his particular case is to his advantage, and his choice must be
honored out of respect for the individual which is the lifeblood of the law,
even if his choice may ultimately be to his own detriment.  Id. at 834, 95 S. Ct. at 2540-41.

However, to be
constitutionally effective, the decision to waive counsel must be made
knowingly and intelligently, as well as voluntarily.  Tex.
Code Crim. Proc. Ann. art. 1.051(f) (Vernon 2005); Faretta, 422
U.S. at 835, 95 S. Ct. at 2541.  AAlthough a defendant need not himself have the skill and experience of
a lawyer in order competently and intelligently to choose self‑representation,
he should be made aware of the dangers and disadvantages of self‑representation,
so that the record will establish that >he knows what he is doing and his choice is made with eyes open.=A  Faretta, 422 U.S. at
835, 95 S. Ct. at 2541.  To be made
voluntarily, the decision must be uncoerced. 
Collier v. State, 959 S.W.2d 621, 626 (Tex. Crim. App.1997), cert.
denied, 525 U.S. 929 (1998).








A trial court is not required
to make a formulaic inquiry into the defendant=s age, education, background, or previous mental health history
whenever an accused expresses a desire to represent himself.  Martin v. State, 630 S.W.2d 952, 954
(Tex. Crim. App. 1982) (op. on reh=g).  However, the record must
contain proper admonishments concerning pro se representation and any necessary
inquiries of the defendant so that the trial court may make an assessment of
the accused=s knowing
exercise of the right to defend himself. 
Goffney v. State, 843 S.W.2d 583, 584‑85 (Tex. Crim.
App.1992).  The record must be sufficient
for a reviewing court to make an assessment that the defendant was made aware
of the dangers and disadvantages of self‑representation.  Id. at 585; Johnson v. State,
760 S.W.2d 277, 279 (Tex. Crim. App.1988). 
To assure protection of a right as fundamental as the right to be
represented by counsel, courts indulge every reasonable presumption against
waiver of counsel.  Trevino v. State,
555 S.W.2d 750, 751 (Tex. Crim. App. 1977). 
AA heavy burden rests upon the prosecution to demonstrate an
intelligent, voluntary and knowing waiver of constitutional rights,
particularly as applied to the right to retained or appointed counsel.@  Id.













The Texas Code of Criminal
Procedure provides that a defendant in a criminal matter is entitled to be
represented by counsel in an adversarial judicial proceeding.  Tex.
Code Crim. Proc. Ann. art. 1.051(a). 
The trial court has a statutory duty to appoint an attorney for an
indigent defendant who requests appointed counsel to represent him.  Id. art. 1.051(c).  This means an accused is not entitled to have
counsel provided at government expense unless he can prove that he is
indigent.  Oliver v. State,
872 S.W.2d 713, 715 (Tex. Crim. App. 1994).  It also means that counsel will not be
appointed to represent him unless he wishes it. 
Id.  The Texas statutory
scheme, consistent with the Sixth Amendment requirements, imposes upon the
trial judge the principle obligation to conduct such inquiry as may be
necessary to determine whether the accused desires and is eligible for the
appointment of an attorney.  Id.
at 715-16.  The appearance of a criminal
defendant in court without counsel necessitates an examination by the trial
judge to assure that the defendant is actually aware of his right to retain an
attorney and to discover whether he intends to do so.  Id. at 716.  A trial judge may not Asit idly by doling out enough legal rope for defendants to participate
in impending courtroom suicide; rather, judges must take an active role in
assessing the defendant=s waiver of
counsel.@  Blankenship v. State,
673 S.W.2d 578, 583 (Tex. Crim. App. 1984). 
A trial judge must investigate as long and as thoroughly as the
circumstances of the case before him demand. 
Id.  To be valid, a waiver
of counsel must be made with an apprehension of the nature of the charges, the
range of allowable punishments, possible defenses to the charges and
circumstances in mitigation thereof, and all other facts essential to a broad
understanding of the whole matter.[4]
 Id.

A trial judge can make
certain an accused=s professed
waiver of counsel is understandingly and wisely made only from a penetrating
and comprehensive examination of all the circumstances under which a waiver of
counsel is tendered.  Id.  Such a colloquy between the defendant and the
judge is not part of the adversary process, but is a preliminary matter
necessary for the judge to discharge independent duties of his office.  Oliver, 872 S.W.2d at 716.  A[I]f the trial judge is satisfied that the defendant cannot employ an
attorney himself, he must appoint counsel for that purpose unless the defendant
knowingly and voluntarily relinquishes his right to the assistance of counsel.@  Id.  Failing either a relinquishment or an abandonment
of the right, the judge may not conduct any adversary judicial proceedings with
respect to formal criminal charges until the accused is represented by an
attorney.  Id.








The State asserts that at no
time did Appellant request, either orally or in writing, that the trial court
review his indigency status and appoint an attorney to represent him.  At the post-conviction indigency hearing,
Appellant acknowledged that at no time prior to his conviction had he applied
for a court-appointed attorney.  However, the court of criminal appeals has
clearly held that failure to request counsel does not amount to the voluntary
relinquishment or abandonment of a known right. 
Id.  As discussed in Oliver,
the right to an attorney is a critical feature of the adversary system, not
only guaranteed expressly by the Sixth Amendment, but also implicit in the Due
Process Clause of the Fourteenth Amendment. 
Id. at 715.








The State also asserts that
the trial court Adid
independently (outside presence of jury) inquire of Mr. Lewis=s education, background, ability to read and write English language .
. . and had done so at previous pretrials.@  During the pretrial hearing on
July 17, 2006, Appellant testified that he has a criminal justice degree from
the University of North Texas, an accredited four-year institution.  However, this information was not elicited by
the court for the purpose of determining whether Appellant was indigent and
requested an attorney or whether he desired to represent himself.  This limited pretrial testimony was given for
the sole purpose of determining Appellant=s eligibility for community supervision.  There was absolutely no inquiry during the
pretrial hearing concerning the subject of Appellant=s ability or desire to represent himself or whether he desired to have
an attorney represent him. 








Our examination of the record
fails to reveal any written or oral representation by the trial court
explaining to Appellant that he was entitled to have an attorney appointed to
represent him if he could not afford one, nor does the record contain any
inquiry by the court regarding Appellant=s ability to retain an attorney, or his desire to represent himself.[5]
 See id. at 716.  Further, the record does not contain any
written or oral waiver of Appellant=s right to have an attorney appointed to represent him.  See id.  Neither does the record contain any written
or oral admonishment from the trial court to Appellant regarding the dangers
and disadvantages of self-representation. 
See Faretta, 422 U.S. at 835, 95 S. Ct. at 2541.  In sum, the record does not contain any
conversation, admonition, or inquiry between the trial court and Appellant
regarding Appellant=s ability to
hire an attorney, any desire he might have to represent himself and waive the
right to an attorney, or the dangers and disadvantages of
self-representation.  Accordingly, we
hold that the trial court erred by not conducting the required inquiry
regarding Appellant=s ability to
hire an attorney and his desire to represent himself, by not admonishing
Appellant regarding the dangers and disadvantages of self-representation, by
not determining whether Appellant waived the right to have a court-appointed
attorney if he was indigent, and if so, whether the waiver was made knowingly
and voluntarily.

                                        HARM ANALYSIS

Having found error, we must
determine whether this error is so fundamental as to defy a harm analysis, or
whether we must proceed with a  harm
analysis.  See Tex. R. App. P. 44.2(a).  Neither Appellant nor the State address the
subject of harm.  All errors, except
federal constitutional errors labeled as Astructural@ by the
Supreme Court, are subject to a harm analysis under rule 44.2.  Mendez v. State, 138 S.W.3d 334,
339-40 (Tex. Crim. App. 2004). 
Structural error is Aa >defect
affecting the framework within which the trial proceeds, rather than simply an
error in the trial process itself.=@  Id. at 340 (quoting Arizona
v. Fulminante, 499 U.S. 279, 310, 111 S. Ct. 1246, 1265  (1991)). 
Most constitutional errors are not structural; that is, they can be
harmless.  Id.








We note that the issue of
whether a trial court=s error in
failing to admonish an appellant regarding the dangers of self-representation
is structural error, or is subject to a harm analysis, is pending before the
Texas Court of Criminal Appeals.  See
Williams v. State, 194 S.W.3d 568, 579 (Tex. App.CHouston [14th Dist.] 2006, pet. granted).[6]  The court of appeals in Williams held
that the error was structural error and that there was no need to perform a
harmless error analysis under rule 44.2. 
Id.; see also Manley v. State, 23 S.W.3d 172, 175 (Tex.
App.CWaco 2000, pet. ref=d) (same holding).  Assuming arguendo
that a harm analysis is required in the instant case, we apply rule 44.2(a)
because the error is constitutional, and we reverse unless we determine beyond
a reasonable doubt that the error did not contribute to Appellant=s conviction or punishment.  See
Tex. R. App. P. 44.2(a);  Williams v. State, 958 S.W.2d 186, 194
(Tex. Crim. App. 1997).  In applying the Aharmless error@ test, our
primary question is whether there is a Areasonable possibility@ that the error might have contributed to Appellant=s conviction.  Mosley v.
State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998), cert. denied, 526
U.S. 1070 (1999).








Appellant was charged with
resisting arrest, and the case was tried to a jury.  Appellant participated in the pretrial and
trial proceedings; he filed several pretrial motions, he asked one question of
the panel during voir dire, he cross-examined the State=s witnesses, he questioned his own witnesses, he reviewed the jury
charge, and he participated in jury argument. 
However, it is evident from reading the record that Appellant had no
experience in pretrial or trial procedure, was unfamiliar with the rules of
evidence, and was not adequately informed about how to properly conduct himself
at trial.  Although the trial court was
quite patient with Appellant during the July 17 pretrial hearing and jury
trial, and consistently explained courtroom procedures to Appellant, the court
ultimately felt compelled to admonish Appellant outside the presence of the
jury regarding his conduct in the courtroom. 
After a trial lasting one and one-half days, the jury deliberated for
only fifty-five minutes before finding Appellant guilty.








Had the trial court informed
Appellant of his right to court-appointed counsel if he was indigent, and had
Appellant been appointed counsel if he proved his indigency status and desired
counsel, it is reasonable to conclude that the jury trial would have proceeded
differently.  After carefully reviewing
the record and performing a harm analysis under rule 44.2(a), if such is
required, we conclude that there is a reasonable possibility that the trial
court=s error in failing to determine whether Appellant knowingly,
intelligently, and voluntarily waived his right to counsel might have
contributed to his conviction.  See
Mosley, 983 S.W.2d at 259. 
Accordingly, we sustain Appellant=s sole issue.

                                           CONCLUSION

Having sustained Appellant=s sole issue, we reverse the judgment of the trial court and remand
for a new trial. 

 

DIXON W. HOLMAN

JUSTICE

 

 

 

 

PANEL F: 
HOLMAN, GARDNER, and WALKER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  July 26, 2007

 

 











[1]See Tex. R.
App. P. 47.4.





[2]Although the trial court=s judgment is entitled AJUDGMENT ON PLEA OF GUILTY BEFORE
COURTCWAIVER OF JURY WITH COMMUNITY
SUPERVISION ORDER,@ part of this title appears to be
incorrect.  The record reflects that
Appellant pled not guilty before the jury and subsequently elected to have the
court assess his punishment.





[3]Appellant has retained counsel on
appeal.  During the pendency of this
appeal, the trial court conducted a hearing on Appellant=s alleged indigency status and
concluded that Appellant was indigent for purposes of procuring the appellate
record.  In response to questioning by
the court at the indigency hearing, Appellant testified that he had not paid
his appellate counsel any retainer and that his arrangement with his counsel
was that Appellant would pay him at a later date when he starts working and can
get the money to pay him.





[4]AIf the court determines that the
waiver is voluntarily and intelligently made, the court shall provide the
defendant with a statement substantially in the following form, which, if
signed by the defendant, shall be filed with and become part of the record of
the proceedings: . . . .@ 
Tex. Code Crim. Proc. Ann.
art. 1.051(g).  The end of the trial
court=s judgment has a signature line for
the AAttorney for Defendant@ to approve the form of the
judgment, and on this signature line is handwritten ANONE-WAIVED.@ 
However, this notation is not signed and there is no other reference in
the record to Appellant=s having waived counsel.





[5]During the pretrial hearing, the
State requested that the court Atake judicial notice of the last Court order at the last
pretrial which the Court indicated that Mr. Lewis needed to get an
attorney.  Needed to file motions.@ 
The record does not contain any order addressing this issue, nor did the
trial court rule upon the State=s request to take judicial notice.  Although the State did point out to the court
at the pretrial hearing that Appellant was not represented by an attorney, this
observation was made because Appellant had not yet filed an application for
community supervision as is required before the court may consider granting
community supervision. 





[6]See Issues Granted, No. 06-1245
(granted 12/13/06),
http://www.cca.courts.state.tx.us/issues/ISSUES06272007.htm.