IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,382-02






EX PARTE CHARLES WILLIAMS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 07-393 IN THE 130TH DISTRICT COURT


FROM MATAGORDA COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance in a drug free zone. He was sentenced to five years' imprisonment after his
community supervision was revoked. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because he was not appointed counsel
before waiving a jury and pleading guilty. The habeas record does not contain a written waiver of
counsel executed by Applicant. Applicant has alleged facts that, if true, might entitle him to relief.
Gideon v. Wainwright, 372 U.S. 335 (1963); Oliver v. State, 872 S.W.2d 713, 715-16 (Tex. Crim.
App. 1994); Tex. Code Crim. Proc. arts. 1.05, 1.051. In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. The trial court shall make specific findings addressing whether
Applicant waived counsel in writing and, if he did, whether that waiver was voluntary. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law and any
plea papers executed by Applicant in this cause, shall be returned to this Court within 120 days of
the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: May 9, 2012

Do not publish