COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Tricia Rene Evans v. The State of Texas

Appellate case number:    01-12-00484-CR

Trial court case number:  1783495

Trial court:                       County Criminal Court at Law No. 7 of Harris County

Appellant was charged by information with the misdemeanor offense of assault against a family member.[1]  On September 27, 2011, the trial court found appellant indigent and found that appointment of counsel was in the interest of justice.  Also on September 27, 2011, appellant posted a surety bond in the amount of $5,000.  On September 28, 2011, appellant's attorney filed a motion to withdraw, stating that appellant had sufficient resources to hire an attorney.  On October 24, 2011, Brock White filed a notice of appearance on appellant's behalf, as retained counsel.  On April 10, 2012, a jury found appellant guilty.  That same day, the trial court sentenced appellant to one year in the county jail, probated for one year, and assessed conditions of community supervision, in accordance with an agreement between appellant and the State.[2]  Also on April 10, 2012, the trial court executed a certification of appellant's right of appeal, which indicates that this case "is not a plea-bargain case, and the defendant has the right of appeal."  Appellant, acting pro se, filed a notice of appeal on May 10, 2012.  When appellant filed her notice of appeal, the trial court raised appellant's bail amount to $7500.  Although the record contains no indication that appellant's counsel moved to withdraw or was permitted to withdraw, no counsel has appeared on appellant's behalf in this appeal.

On August 1, 2012, appellant filed a "Motion to Withdraw Appeal."  In her motion, appellant states: (1) "That was the nature of the appeal, to see if testimonies could be reviewed and/or this taken off of my record after probation.  I was just informed on Monday, July 31, 2012 that a warrant was to be issued out for my arrest because of a bond that was not paid.  The attorney who represented me on this case was not the attorney who filed the appeal.  I was completely unaware of any additional funds that were supposed to accompany the appeal"; (2) I

---

1       *See* TEX. PENAL CODE ANN. § 22.01(a) (West 2011); TEX. FAM. CODE ANN. § 71.003 (West 2008).

2       The agreement on sentencing did not include any waiver of the right to appeal.

was also just informed that the terms of my probation were supposed to be suspended and I was unaware of that as well"; (3) "I was informed that I should either produce the bond fund amount of $7500 or withdraw the Appeal [sic]. I do not have the funds right now, . . . so I have no choice, but to withdraw the Appeal [sic]"; and (4) I am asking the courts to consider this motion for withdrawal and approve the continuance of my probation as it was granted on April 10, 2012." Appellant also states that she "wanted the Appeal [sic]."

By filing a motion to withdraw her appeal, appellant is effectively seeking to waive her right to appeal. Appellant has the right to waive her right to appeal. *See* TEX. CODE CRIM. PROC. art. 1.14 (West 2005); *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009). Any such waiver, however, must be made voluntarily, knowingly, and intelligently, and may not be the product of duress or coercion. *See Broadway*, 301 S.W.3d at 697; *Ex parte Tabor*, 565 S.W.2d 945, 946 (Tex. Crim. App. 1978). Furthermore, appellant is entitled to be represented by counsel on appeal unless appellant voluntarily and intelligently waives the right to counsel.[3] *See* TEX. CODE CRIM. PROC. art. 1.051(a), (f) (West Supp. 2011). Moreover, appellant's trial counsel's duties to appellant were not complete upon the rendition of the verdict by the jury; counsel had "the duty, obligation and responsibility to consult with and fully to advise his client concerning meaning and effect of the judgment rendered by the court, his right to appeal from that judgment, the necessity of giving notice of appeal and taking other steps to pursue an appeal, . . . and delineating advantages and disadvantages of appeal." *Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988).

Here, the record is unclear as to whether appellant is voluntarily, knowingly, and intelligently seeking to withdraw her appeal, and it is unclear as to whether appellant's counsel has fully advised her regarding the steps necessary to pursue an appeal, the effect of the judgment against her, and the advantages and disadvantages of appealing the verdict. Of particular concern are appellant's statements in her motion to withdraw the appeal that she was "completely unaware" of the necessity of posting an appellate bond, that she was unaware that her "probation was supposed to be suspended," that she was informed to "either produce the bond fund amount of $7500 or withdraw the [a]ppeal," and that she has "no choice, but to withdraw the [a]ppeal." These statements suggest that appellant has not been adequately advised regarding her appeal and that appellant is not voluntarily seeking to withdraw her appeal.

We, therefore, abate this appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall conduct a hearing within 15 days of the date of this order at which a representative of the Harris County District Attorney's Office and appellant's trial counsel, Brock White, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.[4]

---

3      An appellant who understands the importance of legal counsel may constructively abandon the right to counsel by failing to employ a lawyer after being given sufficient opportunity to retain one, but that is not the situation in this case. *See Oliver v. State*, 872 S.W.2d 713, 716 (Tex. Crim. App. 1994).

4      On request of appellant, appellant and his counsel shall be able to communicate privately

We direct the trial court to:

1) Determine, after appellant has an adequate opportunity to confer with counsel, whether appellant still wishes to pursue this appeal;
2) If appellant wishes to pursue this appeal, determine whether appellant's counsel, Brock White, intends to represent appellant on appeal or whether counsel should be permitted to withdraw;
3) If counsel is permitted to withdraw, determine whether appellant is now indigent; and
   a. If so, appoint appellate counsel;
   b. If not, determine whether appellant, after being admonished regarding the dangers and disadvantages of self-representation, is knowingly and voluntarily waiving her right to counsel on appeal and is proceeding pro se, and
      i. If so, obtain a written waiver of the right to counsel from appellant; or
      ii. If not, provide appellant with a deadline for hiring appellate counsel.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f) (granting right to representation by counsel in criminal matters; entitling indigent defendant in criminal proceeding to appointed counsel; entitling indigent defendant to appointed counsel for appeal to court of appeals; and authorizing written waiver of right to counsel if made voluntarily and intelligently); TEX. CODE CRIM. PROC. ANN. art. 1.14 (granting right to waive any right in criminal prosecution); *Broadway*, 301 S.W.3d at 697 (requiring waiver of right to counsel to be made voluntarily, knowingly, and intelligently); *Axel*, 757 S.W.2d at 374 (imposing duties on counsel after trial is concluded, including duty to advise client regarding appellate matters); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (requiring court to advise defendant in trial court of dangers and disadvantages of self-representation prior to proceeding to trial).

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court within 20 days of the date of this order. The court reporter is directed to file the reporter's record of the hearing within 20 days of the date of this order. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 20 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

Judge's signature:/s/ <u>Justice Terry Jennings</u>
              ☑ Acting individually    ☐ Acting for the Court

Date: August 17, 2012

without being recorded or heard by the trial court or the attorney representing the State.