COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:       Wilson Sieh Tarley v. The State of Texas

Appellate case number:    01-11-00463-CR

Trial court case number:   1738451

Trial court:                      County Criminal Court at Law No. 1 of Harris County

A jury convicted appellant of the offense of assault of a family member and assessed punishment of confinement for 90 days. The clerk's record has been filed. A reporter's record has not been filed. The court reporter has informed the Court that appellant has neither paid nor made arrangements to pay the fee for the reporter's record. *See* TEX. R. APP. P. 37.3(b).

The clerk's record reflects that the trial court determined that appellant is not indigent. The trial court granted a motion to withdraw filed by appellant's retained trial counsel, and appellant is presently proceeding pro se.

The clerk's record does not reflect that appellant was given a deadline to retain appellate counsel or that the trial court has authorized appellant to proceed pro se. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (f) (West Supp. 2012); *Oliver v. State*, 872 S.W.2d 713, 716 (Tex. Crim. App. 1994); *Cormier v. State*, 85 S.W.3d 496, 497–98 (Tex. App.—Houston [1st Dist.] 2002, order).

Accordingly, we abate the appeal and remand the case to the trial court for a hearing, at which appellant shall be present. If appellant is incarcerated, he may appear by closed video teleconference.[1] The court coordinator of the trial court shall set a date for the hearing and shall notify the parties. A court reporter shall record the hearing. We direct the trial court to make appropriate written findings of fact and conclusions of law and to execute any necessary orders on these issues:

---

1    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

1) Whether appellant still wishes to pursue this appeal; and, if so,
2) Whether appellant has retained an attorney and, if so, the name, State Bar Number, address, and telephone number of retained counsel; or
3) Whether appellant will retain an attorney and, if so, provide a deadline by which appellant must retain an attorney; or
4) Whether, after having been admonished of the dangers and disadvantages of self-representation, appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel.

*See* TEX. CRIM. PROC. ANN. art. 1.051(a), (f); *Oliver*, 872 S.W.2d at 716.

The trial court's findings and recommendations shall be included in a supplemental clerk's record and filed in this Court **no later than November 19, 2012**. The court reporter shall file the reporter's record in this Court **no later than November 19, 2012**. If the hearing is conducted by video teleconference, a certified electronic copy of the hearing shall be filed in this Court **no later than November 19, 2012**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated when the supplemental clerk's record and reporter's record of the hearing are filed in this Court.

It is so **ORDERED**.

Judge's signature: /s/ Justice Bland
⊠ Acting individually    ☐ Acting for the Court

Date: October 22, 2012

2