Albert MINJARES, Appellant,

v.

The STATE of Texas, Appellee.

No. 55447.

Court of Criminal Appeals of Texas, Panel No. 2.

Dec. 6, 1978.

---

Dick Stengel, El Paso, for appellant.

George N. Rodriquez, Jr., County Atty., and William B. Crout, Asst. County Atty., El Paso, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for terroristic threat. V.T.C.A., Penal Code, Section 22.07. Punishment was assessed at 180 days' imprisonment.

Appellant's first ground of error complains of the trial court's allowing the appellant to act as his own attorney when there was evidence that the appellant desired an attorney and was indigent. The

record reflects that the appellant made a $1500.00 bond on March 19, 1976. On July 13, 1976, the appellant appeared by himself and waived arraignment. On August 16, 1976, appellant again appeared without counsel at the court's pretrial conference. On August 16, 1976, appellant indicated that he could not afford an attorney and was told that he better get a lawyer. He indicated that he tried to obtain a lawyer but that they charged him too much. However, he indicated that he only saw one attorney. He understood at all times that trial was set for November 30 and made no further effort to obtain a lawyer. It was further established that the appellant was employed and earned approximately $82.00 per week. He lived at the home of his parents and had no dependents to support. Appellant was 26 years of age. The court found that the appellant was not entitled to appointed counsel and that he would have to proceed as his own attorney in light of his failure to secure representation before trial commenced. The trial court proceeded to explain various aspects of the trial procedures to the appellant. The record further reflects that the trial court interrupted the prosecutor several times when he attempted to elicit hearsay and when he was making inappropriate arguments to the jury. The appellant conducted some cross-examination of the witnesses, presented his own witness, and argued to the jury only at the punishment phase of the trial.

Although no attorney was appointed as amicus curiae and there was no express refusal to execute an affidavit of indigency by the appellant, we conclude that *Harriel v. State*, Tex.Cr.App., 572 S.W.2d 535 (1978), is sufficiently in point to defeat appellant's claim. Although *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), requires the trial court to inform a defendant who refuses the assistance of counsel of the practical consequences of such refusal before a waiver can be knowing and intelligent, it does not address the situation, such as this, where the appellant fails to obtain the assistance of counsel when provided adequate opportunity. A criminal defendant cannot obstruct

the orderly administration of justice by neglecting his obligations. See *Parker v. State*, Tex.Cr.App., 545 S.W.2d 151; *Rodriguez v. State*, Tex.Cr.App., 530 S.W.2d 944; *White v. State*, Tex.Cr.App., 496 S.W.2d 642. The trial court's conclusion that the appellant was not indigent under the facts of this case is not erroneous and is supported by the evidence. Appellant's failure to obtain counsel when provided adequate opportunity to do so constitutes a waiver under the facts of this case. Appellant's first ground of error is overruled.

■ Appellant's second ground of error complains that the prosecutor's argument at the guilt and innocence stage of the trial was fundamentally and reversibly erroneous because of its prejudicial and inflammatory nature. We disagree. At the outset, we note that the ground of error is multifarious. See Article 40.09(9), V.A.C.C.P. Further, no objection was interposed to any argument made by the State. Even pro se litigants are subject to applicable rules of procedure. Without an objection nothing is preserved for review. Finally, all the comments of the prosecutor were reasonable deductions from the evidence. See *Alejandro v. State*, Tex.Cr.App., 493 S.W.2d 230. Appellant's second ground of error is overruled.

■ Appellant's remaining three grounds of error concern the prosecutor's argument at the punishment phase of the trial. Again, appellant's third ground of error is multifarious. Also, without objection, nothing is preserved for review. Finally, the State's arguments were fair deductions from the evidence. Furthermore, the solicitous trial court shut off the prosecutor's argument when he did attempt to go beyond the record. Any error was therefore rendered harmless. Appellant's third ground of error is overruled.

■ Appellant's fourth ground of error complains of the prosecutor's comment on the appellant's failure to testify. Appellant's references to the comments by the prosecutor show that they were not referring to the appellant's failure to testify in

this case. They were fair deductions from the evidence or were in direct response to the appellant's argument to the jury at the punishment stage. *Alejandro v. State,* supra. The prosecutor's additional comment about the exclusion of evidence was timely interrupted by the trial court and the instruction to the jury by the trial court to disregard that statement cured any error. Appellant's fourth ground of error is overruled.

Appellant finally complains of the prosecutor's argument requesting the jury to give the maximum possible penalty, including a fine, in order to aid in paying the costs of the trial. We conclude that the argument was a fair deduction from the evidence and a proper plea for law enforcement and was therefore not error. See *Alejandro v. State,* supra. Further, we note that no fine was assessed by the jury and must conclude that any error was clearly harmless.

There being no reversible error, the judgment is affirmed.