IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 



ON STATE'S MOTION FOR REHEARING ON REMAND


 




NO. 3-89-229-CR


NO. 3-89-230-CR


AND


NO. 3-89-231-CR





JAMES AUGUSTUS CONNOR,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT



NOS. 4242, 4343, AND 4244, HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING


 





 Our original opinion and judgments on remand issued on September 28, 1994, are
withdrawn and the instant opinion is substituted in its place.

 Appellant entered pleas of guilty to three indictments charging him with fraudulent
sale of securities in violation of the Texas Securities Act, Tex. Rev. Civ. Stat. Ann. arts.
581-29(C)(1) (West Supp. 1994) and 581-4(F) (West 1964). Punishment was assessed in each
case at ten years probated. In points of error three, four and five, appellant contends the trial
court erred in hearing his motions for new trial in the absence of counsel to represent him. On
original submission, we held that appellant's motions for new trial were invalid, and therefore the
absence of counsel to represent appellant at the hearing was not error. We overruled appellant's
points of error and affirmed the judgments of the trial court. Connor v. State, 809 S.W.2d 560
(Tex. App.--Austin 1991). The Court of Criminal Appeals has remanded these causes to this
Court for reconsideration of appellant's right to counsel claim. Connor v. State, 877 S.W.2d 325
(Tex. Crim. App. 1994). We now find that appellant was deprived of representation of counsel
at a critical stage of the trial.

 On June 13, 1989, the trial court found appellant guilty on his pleas of guilty and
assessed probated sentences. The trial court held a hearing on what it "took" to be a motion for
new trial on August 10, 1989. During the interim appellant sent the court two handwritten
communications in which he stated that his pleas of guilty were not voluntary; that his attorney
had pressured him to accept the plea bargain; that he was under great pressure to care for a sick
and dying mother at the time of the entry of his pleas; and that his attorney had not investigated
his cases nor explained them to him.

 Appellant appeared at the August 10th hearing without counsel and advised the
court that he had been unable to get his retained trial counsel to return his calls; that he could not
raise the money that his trial counsel had wanted; and that "I just got the file and got it in an
[another] attorney's hands night before last." When the trial court advised appellant that it was
going to proceed with the hearing, appellant stated, "I don't understand this kind of stuff."

 On original submission, we recognized that the hearing on a motion for new trial
is a critical stage of the proceedings at which a defendant is entitled to representation of counsel
under the Sixth Amendment of the United States Constitution and article I, § 10 of the Texas
Constitution. See Trevino v. State, 565 S.W.2d 938 (Tex. Crim. App. 1978). However, we
concluded that appellant's communications with the court did not comply with the rule requiring
verification of motions for new trial, nor did they meet the more relaxed statutory requirements
for prison or jail inmates filing such motions. We are now persuaded that representation by
counsel at this critical stage of the trial is a fundamental right in our system of justice that takes
precedence over the procedural rules on which we relied.

 The State urges that appellant waived his right to counsel by abusing the right for
purposes of delay and obstruction. In Minjares v. State, 577 S.W.2d 222 (Tex. Crim. App.
1978), cited by the State, the defendant appeared by himself and waived arraignment in July,
1976. On August 16, 1976, appellant appeared without counsel at a pretrial conference. At this
conference, the trial court admonished the defendant to hire a lawyer. The court found that the
defendant understood "at all times" that his trial was set for November 20, 1976, and, except for
one contact, made no attempt to employ counsel. The court stated that a defendant cannot obstruct
the orderly administration of justice by neglecting his obligations, and held that the defendant's
failure to obtain counsel when provided adequate opportunity constituted a waiver of that right. 
Id. at 224. See Oliver v. State, 872 S.W.2d 713, 716 (Tex. Crim. App. 1994).

 Appellant's written and oral communications to the trial court reflect efforts to
secure counsel that were not present in Minjares. We hold that appellant's conduct was not such
as to constitute a waiver of his right to be represented by counsel at the hearing on the motions
for new trial. The trial court erred in hearing the motions for new trial in the absence of counsel
to represent appellant at the hearing. (1)

 In cases where a defendant was denied counsel at the motion for new trial, the
appropriate procedure is to abate the appeal and return the defendant to the stage of the
proceedings at which he was denied the assistance of counsel. See Trevino, 565 S.W.2d at 941. 
Because appellant was denied counsel at a stage prior to the judgments placing appellant on
probation and notices of appeal, we set aside the judgments of conviction and notices of appeal
and return the causes to the trial court for a hearing on the motions for new trial. In the event
appellant's motions for new trial are denied, judgments should be pronounced and notices of
appeal may be given.

 The State's motion for rehearing is granted. The judgments of conviction are
reversed and the causes are remanded to the trial court for a hearing on the motions for new trial
and the orderly conduct of post-trial proceedings.



 

 Tom G. Davis, Justice

Before Chief Justice Carroll, Justices Jones and Davis*

Reversed and Remanded on State's Motion for Rehearing on Remand on All Causes

Filed: December 7, 1994

Do Not Publish

















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   Our opinion on original submission relied on Martin v. State, 806 S.W.2d 237 (Tex.
App.--Austin 1991), a case that arose from the same transaction as the instant causes, in our
resolution of appellant's points of error relative to the trial court's order on payment of restitution. 
The Court of Criminal Appeals has recently reversed Martin, holding that the trial court erred by
ordering restitution to persons other than the victim of the crime for which Martin was convicted. 
Martin v. State, 874 S.W.2d 674 (Tex. Crim. App. 1994).