COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF CONTINUING ABATEMENT

Appellate case name:          Raleigh Jordan v. The State of Texas

Appellate case number:      01-13-00775-CR; 01-13-00776-CR

Trial court case number:     1329597; 1329598

Trial court:                         209th District Court of Harris County

On May 12, 2014, appellant's retained counsel, ChiQuia Roberson, filed a brief on appellant's behalf. *See* TEX. R. APP. P. 38.1, 38.6. On May 20, 2014, we abated these appeals, remanded the cases to the trial court, and directed the trial court to execute amended certifications of appellant's right to appeal. *See* TEX. R. APP. P. 37.1.

On May 22, 2014, Roberson filed a motion to withdraw as counsel. *See* TEX. R. APP. P. 6.5. In her motion, counsel states that she "is unable to effectively communicate with [appellant] so as to be able to adequately represent [him]." We **grant** the motion. *See id.* Counsel Roberson is hereby **ordered** to immediately notify the appellant in writing of all deadlines and settings of which counsel is aware and to file a copy of the notice with the Clerk of this Court. *See id.* 6.5(c).

These cases remain abated pursuant to our May 20, 2014 order. In light of the foregoing, however, we **direct** the trial court to provide appellant, Raleigh Jordan, with no less than 10 days' notice prior to conducting the hearing pursuant to our May 20, 2014 order, so that appellant has an opportunity to retain new counsel prior to the hearing. *Cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(e) (West Supp. 2013). We further **direct** the trial court to admonish appellant regarding the dangers and disadvantages of self-representation at the hearing on our May 20, 2014 abatement order, determine if appellant wishes to waive his right to counsel on appeal, and either obtain a written waiver of the right to counsel or provide a deadline, which shall be no later than 10 days from the date of the hearing, by which appellant must retain counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(f); *Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994); *Oliver v. State*, 872 S.W.2d 713, 716 (Tex. Crim. App. 1994); *Minjares v. State*, 577 S.W.2d 222, 224 (Tex. Crim. App. 1978); *see also* TEX. CODE CRIM. PROC. ANN. art.

1.051(e) ("If a nonindigent defendant appears without counsel at a proceeding after having been given a reasonable opportunity to retain counsel, the court, on 10 days' notice to the defendant of a dispositive setting, may proceed with the matter without securing a written waiver or appointing counsel."). Finally, the trial court clerk is **directed** to file a supplemental clerk's record containing the certification of appellant's right to appeal and any other findings, recommendations, and orders of the trial court, and the court reporter is directed to file a reporter's record of the hearing, no later than 30 days from the date of this order. *See* TEX. R. APP. P. 34.5(c)(2).

Appellant may file an amended brief, if any, no later than 60 days from the date of this order. *See* TEX. R. APP. P. 38.7; *Lott*, 874 S.W.2d at 688; *Oliver*, 872 S.W.2d at 716; *Minjares*, 577 S.W.2d at 224; *see also* TEX. CODE CRIM. PROC. ANN. art. 1.051(e). No motions to extend this deadline will be granted. Unless an amended brief is filed by said deadline, we will consider the appeal on the issues or points raised in appellant's brief filed on May 12, 2014.

The State's brief, if any, shall be filed by the earlier of 30 days from the date appellant's amended brief is filed or 90 days from the date of this order.

This appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed with the Clerk of this Court.

It is so ORDERED.


Judge's signature: /s/ Chief Justice Sherry Radack
                 ☒ Acting individually     ☐ Acting for the Court

Date: May 27, 2014