COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF CONTINUING ABATEMENT

Appellate case name:      Garrett Dewayne Washington v. The State of Texas

Appellate case number:   01-13-01038-CR

Trial court case number:  1186821

Trial court:                    262nd District Court of Harris County

On April 24, 2014, this appeal was abated for determination of indigence and counsel. A record was returned to us indicating a hearing was held on May 22, 2014, during which Washington indicated he wished to continue the appeal and would be hiring counsel. At that time, Washington's court appointed counsel, Thomas Lewis, was permitted to withdraw.

To date, appellant has still not filed a brief. There is no record of Washington having been admonished regarding the dangers and disadvantages of self-representation, which must be done whether or not he intends to hire counsel, as his court appointed counsel has been permitted to withdraw and he is therefore acting pro se.

As such, we must again abate this appeal and remand the case to the trial court for a hearing at which appellant and trial counsel shall be present in person. [1] The court coordinator of the trial court shall set a date for said hearing and notify the parties, including appellant. We direct the trial court to make appropriate written findings of fact and conclusions of law and to execute any necessary orders on these issues:

1) Whether appellant still wishes to pursue this appeal;
2) Whether appellant is now indigent and entitled to appointed counsel; and, if indigent,
   a. appoint counsel on appeal, and
   b. order the court reporter to file the reporter's record with this Court at no

---

1    If appellant is now incarcerated, he may appear by closed video teleconference. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

cost to appellant;

3) If appellant is not indigent:

    a. whether he has retained an attorney to file a brief, and, if so, obtain the name, address, and telephone number of retained counsel;

    b. **if appellant has not retained counsel, the trial court shall admonish appellant of the dangers and disadvantages of self-representation**, and

        i. determine whether appellant is knowingly and intelligently waiving his right to counsel; or,

        ii. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (f); *Oliver v. State*, 872 S.W.2d 713, 716 (Tex. Crim. App. 1994); *Minjares v. State*, 577 S.W.2d 222, 224 (Tex. Crim. App. 1978); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court shall have a court reporter, or court recorder, record the hearing and file the reporter's record with the Court no later than 30 days from the date of this order. Additionally, the trial court's findings and recommendations and any orders issued pursuant to this hearing shall be included in a supplemental clerk's record and filed in this Court no later than 30 days from the date of this order. If the hearing is conducted by video teleconference, a certified electronic copy of the hearing shall be filed in this Court no later than 30 days from the date of this order.

Due to the age of this case, appellant's opening brief will be due within 30 days from the date of the abatement hearing, whether appellant has hired counsel or not, and also whether or not this appeal has been reinstated or not. If no brief is filed, the Court may move forward to decide the appeal without a brief from appellant. *See* Tex. R. App. P. 38.8(4).

It is so ORDERED.

Judge's signature: ___/s/ Rebeca Huddle
                  X Acting individually    ☐ Acting for the Court

Date: January 29, 2015