COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        In the Interest of R.R.H., M.D.J., and M.K., Children

Appellate case number:     01-14-00874-CV

Trial court case number:    74587

Trial court:               300th District Court of Brazoria County

On December 12, 2013, the trial court appointed counsel, Toni Kersey, to represent appellant, Destinye Kelley, in the proceedings in the trial court. On September 29, 2014, appellant requested that counsel Kersey be excused and that appellant be permitted to represent herself in the trial court. After admonishing appellant regarding the dangers and disadvantages of self-representation, the trial court granted appellant's request and dismissed counsel.

The case proceeded to trial on September 29, 2014, with appellant representing herself pro se. The trial court signed the final judgment in this case on October 17, 2014, terminating appellant's parental rights to R.R.H., M.D.J., and M.K.

On October 22, 2014, an attorney, Blair Parker, filed an "appearance as attorney of record for" appellant. Appellant timely appealed on October 28, 2014, when counsel Parker filed a notice of appeal on appellant's behalf. *See* TEX. R. APP. P. 26.1(b). On November 6, 2014, appellant filed a "Motion for Court Appointed Attorney for Appeal Under TFC § 107.013" in the trial court, in which she requested appointment of counsel for purposes of appeal, because counsel Parker "was hired by a Good Samaritan to represent [appellant] solely on a Motion for New Trial." *See id.* 20.1(a)(3). Appellant attached an affidavit of indigence to the motion. *See id.* 20.1(a)(2).

On November 6, 2014, counsel Parker filed a motion to withdraw as counsel in this Court. *See id.* 6.5.

The court reporter filed a contest to appellant's affidavit of indigence on November 7, 2014. *See id.* 20.1(e). Further, on November 10, 2014, the Department of Family and Protective Services filed both a challenge to appellant's presumption of indigence, arguing that appellant was no longer indigent and that her financial

circumstances had changed, and a contest to appellant's affidavit of indigence. *See id.* On December 8, 2014, the trial court granted the contest to the affidavit of indigence and found that the "original order of indigency" was void. Appellant did not file a motion seeking review of the trial court's order within 10 days of the order. *See id.* 20.1(j)(1), (2). Therefore, pursuant to the trial court's December 8, 2014 order, appellant is not indigent.

Nevertheless, on January 21, 2015, counsel Parker filed a letter with the Court, stating that "our client would like to proceed on her appeal Pro Se or with another attorney." And, although appellant was notified of her right to object to counsel's motion to withdraw, no objection has been filed. Accordingly, we **GRANT** counsel Parker's motion to withdraw.

Appellant is therefore **ORDERED**, within 15 days of the date of this order, to file a notice with the Court either indicating her desire to proceed pro se on appeal or providing the name and contact information of retained counsel. *See, e.g.*, *Minjares v. State*, 577 S.W.2d 222, 224 (Tex. Crim. App. 1978) ("Appellant's failure to obtain counsel when provided an adequate opportunity to do so constitutes a waiver under the facts of this case.").

It is further **ORDERED** that appellant pay the filing fee to this Court no later than 30 days from the date of this order, or the Court may dismiss the appeal. *See* TEX. R. APP. P. 5, 42.3.

Finally, it is **ORDERED** that, no later than 30 days from the date of this order, appellant file with this Court proof that she has requested and paid or made arrangements to pay for preparation of the reporter's record, or the Court may consider and decide only those issues or points that do not require a reporter's record for a decision. *See id.* 34.6(b)(1), 35.3(b)(2), (b)(3), (c), 37.3(c).

It is so ORDERED.

Judge's signature: /s/ Sherry Radack
         ☑ Acting individually    ☐ Acting for the Court

Date: February 3, 2015