COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:          William K. Green v. The State of Texas

Appellate case number:    01-14-00960-CR

Trial court case number:  717215

Trial court:                        180th District Court of Harris County

Appellant has filed a pro se notice of appeal from the trial court's August 22, 2014 findings of fact after post-conviction DNA testing was completed. The time for appellant's brief to be filed in this appeal has expired, and appellant has not responded to a notice of late brief from this Court. There is nothing in the record to suggest attorney Tom Martin has been permitted to withdraw from representing Green in regards to his post-conviction DNA testing. There is also nothing in the record to suggest Green has been properly admonished regarding the dangers and disadvantages of proceeding on an appeal pro se.

As such, we abate this appeal and remand the case to the trial court for a hearing at which appellant and Tom Martin shall be present in person. The court coordinator of the trial court shall set a date for said hearing and notify the parties, including appellant. If appellant is now incarcerated, he may appear by closed video teleconference.[1] We direct the trial court to make appropriate written findings of fact and conclusions of law and to execute any necessary orders on these issues:

1) Whether appellant still wishes to pursue this appeal;
2) If so, whether to allow Tom Martin to withdraw;
3) Whether appellant is now indigent and entitled to appointed counsel; and, if indigent,
      a. appoint counsel on appeal, and

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

       b. order the court reporter to file the reporter's record with this Court at no cost to appellant;

4) If appellant is not indigent:
       a. whether he has retained an attorney to file a brief, and, if so, obtain the name, address, and telephone number of retained counsel;
       b. if appellant has not retained counsel, the trial court shall admonish appellant of the dangers and disadvantages of self-representation, and
          i. determine whether appellant is knowingly and intelligently waiving his right to counsel; or,
          ii. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (f); *Oliver*, 872 S.W.2d at 716; *Minjares*, 577 S.W.2d at 224; *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court shall have a court reporter, or court recorder, record the hearing and file the reporter's record with the Court no later than 30 days from the date of this order. Additionally, the trial court's findings and recommendations and any orders issued pursuant to this hearing shall be included in a supplemental clerk's record and filed in this Court no later than 30 days from the date of this order. If the hearing is conducted by video teleconference, a certified electronic copy of the hearing shall be filed in this Court no later than 30 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the abatement hearing are filed in this Court.

It is so ORDERED.


Judge's signature: __/s/_ Harvey Brown
               X Acting individually     __ Acting for the Court

Date: February 26, 2015