COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name: Richard Contreras, Sr. v. The State of Texas

Appellate case number: 01-14-00758-CR

Trial court case number: 1401233

Trial court: 230th District Court of Harris County

Appellant's brief was originally due November 6, 2015. Michael Driver, counsel for appellant, has filed two requests for extension, both of which were granted. However, Driver has not responded to our latest notice of late brief, which required a response by February 17, 2015.

As such, we abate this appeal and remand the case to the trial court for a hearing at which appellant and Michael Driver shall be present in person. The court coordinator of the trial court shall set a date for said hearing and notify the parties, including appellant. If appellant is now incarcerated, he may appear by closed video teleconference.[1] Trial counsel and any potential substitute counsel for this appeal shall also be present. We direct the trial court to make appropriate written findings of fact and conclusions of law and to execute any necessary orders on these issues:

1) Whether appellant still wishes to pursue this appeal;
2) If so, whether Michael Driver has abandoned this appeal and should be permitted to withdraw, and, if so;
3) Whether appellant is now indigent and entitled to appointed counsel; and, if indigent,
    a. appoint counsel on appeal, and
    b. order the court reporter to file the reporter's record with this Court at no cost to appellant;
4) If appellant is not indigent:
    a. whether he has retained an attorney to file a brief, and, if so, obtain the

---

1     Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

name, address, and telephone number of retained counsel;

    b. if appellant has not retained counsel, the trial court shall admonish appellant of the dangers and disadvantages of self-representation, and

        i. determine whether appellant is knowingly and intelligently waiving his right to counsel; or,

        ii. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney. Even if appellant does intend to hire an attorney, he still must be given proper admonishments about proceeding pro se, as he will be without counsel as of the time of the hearing.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (f); *Oliver*, 872 S.W.2d at 716; *Minjares*, 577 S.W.2d at 224; *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

If Michael Driver is permitted to remain as retained counsel for appellant, the trial court shall set a date certain by which an appellate brief must be filed on behalf of Contreras. In no event shall that deadline be more than 30 days from the date of the abatement hearing.

The trial court shall have a court reporter, or court recorder, record the hearing and file the reporter's record with the Court no later than 30 days from the date of this order. Additionally, the trial court's findings and recommendations and any orders issued pursuant to this hearing shall be included in a supplemental clerk's record and filed in this Court no later than 30 days from the date of this order. If the hearing is conducted by video teleconference, a certified electronic copy of the hearing shall be filed in this Court no later than 30 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the hearing are filed in this Court.

It is so ORDERED.

Judge's signature: ___/s/ Harvey Brown
          X  Acting individually

Date:  March 5, 2015