COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:     David James Chapman v. The State of Texas

Appellate case number:   01-14-00980-CR
                         01-14-00981-CR

Trial court case number: 1421328
                         1421329

Trial court:             183rd District Court of Harris County

### 1.  Certifications of Defendant's Right to Appeal

In cause number 1421328, the Certification of Defendant's Right to Appeal is missing from the record.   In cause number 1421329, the Certification of Defendant's right to appeal is defective.  The certification in 1421329 states that Chapman's case was a plea bargain and that he has no right of appeal.  The record, however, reflects that Chapman plead guilty without an agreed recommendation as to punishment from the State, and was therefore not a plea bargain. The parties should take the necessary steps to obtain corrected certifications of defendant's right to appeal in each of these cause numbers.  Without an accurate certification of defendant's right to appeal from the trial court, we do not have jurisdiction to hear the appeals.

### 2. Abatement for Indigence and Counsel

Chapman has filed pro se notices of appeal in each of these cause numbers.  Nothing in the record reflects that Chapman has ever been admonished regarding the dangers and disadvantages of proceeding pro se on an appeal.   Further, there is nothing in the record indicating Chapman's appointed counsel at trial, Clyde Williams, has been permitted to withdraw.  Chapman has filed a motion in this Court requesting counsel be appointed to him for these appeals.  We do not have jurisdiction to appoint counsel.

As such, we must abate this appeal and remand the case to the trial court for a hearing at which appellant and trial counsel shall be present in person. [1]  The court coordinator of the trial

---

[1]     If appellant is now incarcerated, he may appear by closed video teleconference.  Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant.  On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

court shall set a date for said hearing and notify the parties, including appellant. We direct the trial court to make appropriate written findings of fact and conclusions of law and to execute any necessary orders on these issues:

1) Whether appellant still wishes to pursue this appeal;
2) If so, whether to allow trial counsel, Clyde Williams, to withdraw;
3) Whether appellant is now indigent and entitled to appointed counsel; and, if indigent,
   a. appoint counsel on appeal, and
   b. order the court reporter to file the reporter's record with this Court at no cost to appellant;
4) If appellant is not indigent:
   a. whether he has retained an attorney to file a brief, and, if so, obtain the name, address, and telephone number of retained counsel;
   b. if appellant has not retained counsel, the trial court shall admonish appellant of the dangers and disadvantages of self-representation, and
      i. determine whether appellant is knowingly and intelligently waiving his right to counsel; or,
      ii. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (f); *Oliver v. State*, 872 S.W.2d 713, 716 (Tex. Crim. App. 1994); *Minjares v. State*, 577 S.W.2d 222, 224 (Tex. Crim. App. 1978); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court shall have a court reporter, or court recorder, record the hearing and file the reporter's record with the Court no later than 30 days from the date of this order. Additionally, the trial court's findings and recommendations and any orders issued pursuant to this hearing shall be included in a supplemental clerk's record and filed in this Court no later than 30 days from the date of this order. If the hearing is conducted by video teleconference, a certified electronic copy of the hearing shall be filed in this Court no later than 30 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the hearing are filed in this Court.

It is so ORDERED.

Judge's signature: ___/s/_ Harvey Brown
                    X Acting individually    ☐ Acting for the Court


Date: March 24, 2015