

**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**

ORDER OF ABATEMENT

Appellate case name:      Marlon Oneike Green v. The State of Texas

Appellate case number:    01-15-00013-CR

Trial court case number:  1376204

Trial court:                 230th District Court of Harris County

Appellant filed a pro se notice of appeal from the trial court's October 1, 2014 judgment. At trial, appellant was represented by his court appointed attorney, Susan Bishop. There is nothing in the record to indicate Bishop has been permitted to withdraw from this case. We have also received a notification from the court reporter indicating that the appellant has not paid for or made arrangements to pay for the reporter's record, and that he is not appealing as indigent. The clerk's record, however, reflects appellant was indigent at trial.

Appellant has filed a request with this Court to have counsel appointed to represent him on appeal. Because the record does not reflect Bishop has been permitted to withdraw, and because we do not have jurisdiction to appoint appellate counsel in criminal cases, we must abate this appeal.

We abate this appeal and remand the case to the trial court for a hearing at which appellant and trial counsel shall be present. [1] The court coordinator of the trial court shall set a date for said hearing and notify the parties, including appellant. We direct the trial court to make appropriate written findings of fact and conclusions of law and to execute any necessary orders on these issues:

1) Whether appellant still wishes to pursue this appeal;
2) If so, whether to allow trial counsel to withdraw;
3) Whether appellant is now indigent and entitled to appointed counsel; and, if indigent,

---

[1]    If appellant is now incarcerated, he may appear by closed video teleconference. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

a. appoint counsel on appeal, and

b. order the court reporter to file the reporter's record with this Court at no cost to appellant;

4) If appellant is not indigent:

a. whether he has retained an attorney to file a brief, and, if so, obtain the name, address, and telephone number of retained counsel;

b. if appellant has not retained counsel, the trial court shall admonish appellant of the dangers and disadvantages of self-representation, and

i. determine whether appellant is knowingly and intelligently waiving his right to counsel; or,

ii. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (f); *Oliver v. State*, 872 S.W.2d 713, 716 (Tex. Crim. App. 1994); *Minjares v. State*, 577 S.W.2d 222, 224 (Tex. Crim. App. 1978); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court shall have a court reporter, or court recorder, record the hearing and file the reporter's record with the Court no later than 30 days from the date of this order. Additionally, the trial court's findings and recommendations and any orders issued pursuant to this hearing shall be included in a supplemental clerk's record and filed in this Court no later than 30 days from the date of this order. If the hearing is conducted by video teleconference, a certified electronic copy of the hearing shall be filed in this Court no later than 30 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the hearing are filed in this Court.

It is so ORDERED.

Judge's signature: /s/ Rebeca Huddle
☒ Acting individually    ☐ Acting for the Court

Date: April 21, 2015