**Opinion filed August 13, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00232-CR

_____

## PAULA KAY FREEMAN A/K/A PAULA KAY HEDDINS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 29th District Court
### Palo Pinto County, Texas
### Trial Court Cause No. 14968

## M E M O R A N D U M   O P I N I O N

Paula Kay Freeman a/k/a Paula Kay Heddins entered an open plea of guilty to the first-degree felony offense of fraudulent possession of more than ten items but less than fifty items of identifying information of an elderly individual. *See* TEX. PENAL CODE ANN. § 32.51(c)(3), (c-1)(1) (West Supp. 2014). The jury assessed Appellant's punishment at confinement for seventy-five years in the Institutional Division of the Texas Department of Criminal Justice and a fine of $10,000. On

appeal, Appellant contends that her trial counsel provided ineffective assistance when he failed to object to the prosecutor's allegedly improper jury argument, to the admission of prior convictions, and to the prosecutor's allegedly improper unsworn opinion evidence during the punishment phase. Appellant also argues that the trial court erred when it allowed the prosecutor to argue evidence outside the record during closing argument. Appellant also includes one matter labeled as "**Unassigned Error Under *Anders***"[1] in her brief. We affirm.

*Background Facts*

Appellant pleaded guilty to one count of fraudulent possession of more than ten items but less than fifty items of identifying information of an elderly individual. In this regard, Appellant and her husband worked at the same retirement home where the elderly victim resided. At the jury trial on punishment, the State introduced into evidence copies of the victim's bank account statements, copies of purchase receipts from Wal-Mart, a summary of the checks and drafts drawn on the victim's account, a video of Appellant purchasing items with the checks from the victim's account, and eleven prior judgments of conviction for Appellant.

Appellant testified at trial. She admitted that she had possession of the victim's checkbook and had purchased items from Wal-Mart using the checkbook. Appellant also admitted that one of her prior convictions was for perjury.

*Analysis*

In her first three issues, Appellant argues that her trial counsel rendered ineffective assistance of counsel during the punishment phase of trial when he failed to object to the prosecutor's comments during closing argument about extraneous offenses, when he failed to object to the admission of Appellant's pen packets, and when he failed to object to the prosecutor's plea for law enforcement.

---

[1]*Anders v. California*, 386 U.S. 738 (1967).

To determine whether Appellant's trial counsel rendered ineffective assistance at trial, we must first determine whether Appellant has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Wiggins v. Smith*, 539 U.S. 510 (2003); *Strickland v. Washington*, 466 U.S. 668 (1984); *Andrews v. State*, 159 S.W.3d 98 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 814. Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Rarely will the record on direct appeal contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *Id.*

Appellant's claims of ineffective assistance of counsel are premised on trial counsel's failure to object on various grounds. When alleging ineffective assistance of counsel for failure to object, an appellant must demonstrate that, if trial counsel

had objected, the trial court would have erred in overruling the objection. *See Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011).

Appellant's first and third issues concern comments made by the prosecutor in closing arguments. The prosecutor stated that Appellant committed "66 felonies," "count them -- 66 checks, 2 drafts is the evidence." Appellant now argues that, because she was not charged with sixty-six forgery felonies, the prosecutor's "sole purpose of the statement was to inflame the jurors against the Appellant and inflate her punishment." Appellant contends that this is unsworn opinion testimony and that it "is *never* . . . appropriate for a prosecuting attorney to state his personal belief in the guilt of a defendant." *See Clayton v. State*, 502 S.W.2d 755 (Tex. Crim. App. 1973).

Later in closing arguments, the prosecutor asked the jury: "Well, what about the impact on the community where we all live? What impact has this crime had on the community? . . . People in nursing homes, people in assisted living facilities in our community. And what are they going -- what impact is it going to have on them? Oh, my gosh, is that what's going on in our community? They're going to become afraid maybe." The prosecutor continued, "How will your sentence go to deter others from engaging in this despicable conduct?" and "How will your sentence protect the community?" Finally, the prosecutor talked about the fine to impose. "And don't forget about the fine. If it's paid, most of that comes back to our county. It pays for the cost of this prosecution. It comes back to us in our county. So assess a 10,000-dollar fine. I don't know if she's going to pay it or not, but it's important that you do."

Proper jury argument generally falls within four areas: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel, or (4) plea for law enforcement. *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008); *Esquivel v. State*, 180 S.W.3d 689, 692 (Tex. App.—

Eastland 2005, no pet.). Counsel is allowed wide latitude to draw inferences from the record, as long as the inferences are reasonable, fair, legitimate, and offered in good faith. *Shannon v. State*, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996). We conclude that the trial court would not have erred if it had overruled trial counsel's objections to the prosecutor's arguments. The prosecutor's first argument, quoted above, is a proper jury argument because it constitutes both a summation of the evidence and a reasonable deduction from the evidence. *Brown*, 270 S.W.3d at 570. The State introduced into evidence a summary of the fraudulent checks passed by Appellant based upon a review of the victim's bank statements. There were sixty-six checks in total on the summation under the label "<u>FRAUDULENT EXPENDITURES</u>" that were attributed to Appellant. The comment that Appellant committed "66 felonies" is a summation of, and reasonable inference from, the evidence introduced. *Id.*

The prosecutor's argument to protect the elderly community and his argument about the imposition of a fine were proper pleas for law enforcement. *See Borjan v. State*, 787 S.W.2d 53, 55–56 (Tex. Crim. App. 1990); *Minjares v. State*, 577 S.W.2d 222, 225 (Tex. Crim. App. [Panel Op.] 1978). A prosecutor may argue to the jury what effect its verdict may have on a particular segment of the community. *Borjan*, 787 S.W.2d at 55–56. And a prosecutor may ask for the imposition of a fine. *Minjares*, 577 S.W.2d at 225. Accordingly, these arguments were proper. *Brown*, 270 S.W.3d at 570.

In her second issue, Appellant alleges a claim of ineffective assistance of counsel concerning the admission of Appellant's prior convictions. The State offered eleven "pen packets" into evidence. Appellant's trial counsel did not object to their admission. Appellant argues that her trial counsel should have objected to Exhibit Nos. 50, 56, 57, 58, and 59 as not being properly authenticated. Appellant also contends that Exhibit No. 52 is a void judgment and not admissible.

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that a prior conviction exists and that the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 922 (Tex. Crim. App. 2007). The State may prove a prior conviction in a number of different ways. *Id.* at 921–23. The State is not required to produce a specific document or specific proof because "[t]here is no 'best evidence' rule in Texas that requires that the fact of a prior conviction be proven with any document, much less any specific document." *Id.* at 921. The proof that is adduced to establish that the defendant on trial is the same person named in the prior conviction "closely resembles a jigsaw puzzle." *Id.* at 923 (quoting *Human v. State*, 749 S.W.2d 832, 836 (Tex. Crim. App. 1988)). Standing alone, the pieces usually have little meaning, but when fitted together, the pieces usually form the picture of the person who committed the alleged prior conviction or convictions. *Id.* The trier of fact fits the pieces of the jigsaw puzzle together and weighs the credibility of each piece. *Id.* Whatever form the State's proof takes, however, it must be sufficient to prove the defendant's prior conviction beyond a reasonable doubt. *Id.* at 923.

Appellant argues that the objectionable pen packets were not properly authenticated because of the poor quality of the fingerprints on the judgment. However, fingerprints are not the only way a prior conviction may be linked to a defendant. Some of the ways include the testimony of a fingerprint expert, the testimony of a witness who personally knows that the defendant was previously convicted and can identify the defendant, the defendant's stipulation or judicial admission, or a photograph that is contained in the prior judgment or pen packet. *See, e.g.*, *Beck v. State*, 719 S.W.2d 205, 209 (Tex. Crim. App. 1986); *Littles v. State*, 726 S.W.2d 26, 31–32 (Tex. Crim. App. 1984).

Exhibit Nos. 50, 56, 57, 58, and 59 contained Appellant's name and some other identifying information, including her date of birth, her social security number,

her address at the time, or her signature. During cross-examination, Appellant admitted to her perjury conviction. As to Exhibit No. 52, Appellant argues that the typographical error contained in the judgment renders the judgment void. The judgment was for "HINDERING AN APPREHENDED FELON," while the correct title of the offense is "Hindering Apprehension." *See* PENAL § 38.05 (West 2011). However, Appellant cites no authority for the proposition that a typographical mistake in the naming of an offense renders a judgment void. Accordingly, the trial court would not have erred by overruling an objection to the pen packets, had trial counsel asserted one.

Moreover, Appellant did not raise her claims of ineffective assistance in a motion for new trial. Thus, her trial counsel has not been afforded an opportunity to respond to her allegations. The record is silent as to why Appellant's trial counsel did not object to the prosecutor's remarks during jury argument or to the admission of the pen packets. Appellant's counsel may have believed that the State could have overcome the objections and that, therefore, an objection would have been futile. Furthermore, Appellant has not shown that the jury arguments were improper or that the pen packets were inadmissible. Because the record contains no evidence of the reasoning behind trial counsel's actions, we cannot conclude that counsel's performance was deficient. Appellant has failed to overcome the presumption that trial counsel's conduct was reasonable and professional. *Bone*, 77 S.W.3d at 833. We overrule Appellant's first, second, and third issues.

In her fourth issue, Appellant contends that "the errors complained of in this appeal, and set out above [in her first three issues], are preserved despite the Appellant's failure to timely object." "These errors, individually and cumulatively, should permit the Appellant to have a new punishment hearing because the trial court erred in allowing the argument, even without objection." This is essentially a fundamental error argument. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim.

App. 1985) (op. on reh'g).  Even if the State's arguments were incurable and rose to the level that they deprived Appellant of her right to due process of law, Appellant waived her complaints by failing to object in the trial court.  *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) ("[A] defendant's failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal."); *Morris v. State*, 460 S.W.3d 190, 197 (Tex. App.—Houston [14th Dist.] 2015, no pet.).  We overrule Appellant's fourth issue.

Finally, Appellant briefly discusses a purported "**Unassigned Error Under Anders**" in her brief regarding a dispute she has with trial counsel about a purported plea bargain offer.  However, this alleged dispute is not properly briefed or alleged as an issue on appeal.  *See* TEX. R. APP. P. 38.1(i).  Furthermore, there is no reference to it in the appellate record.[2]  Accordingly, we disregard Appellant's complaint.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

August 13, 2015

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

---

[2]The Texas Court of Criminal Appeals has defined an "unassigned error" as "a claim that was preserved in the trial court but was not raised by either party on appeal."  *Pfeiffer v. State*, 363 S.W.3d 594, 599 (Tex. Crim. App. 2012).  Appellant's alleged dispute with trial counsel does not constitute an unassigned error because it was not raised in the trial court.