COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Robert Chayenne Alvarez v. The State of Texas

Appellate case number:    01-16-00407-CR

Trial court case number:  1441389

Trial court:                232nd District Court of Harris County

The trial court found appellant was not indigent, and trial defense counsel advised that he would handle the appeal. Sometime thereafter, appellant retained Nicole DeBorde as counsel for filing a motion for new trial. DeBorde states appellant was unable to retain her for the appeal. Accordingly, she filed a motion to withdraw. *See* TEX. R. APP. P. 6.5(a). No response was received within 10 days.

The court reporter has advised that appellant has not made payment arrangements for the filing of the reporter's record.

We grant the motion to withdraw. We further abate this appeal and remand the case to the trial court for a hearing at which appellant shall be present in person. The court coordinator of the trial court shall set a date for the hearing and notify the parties, including appellant. If appellant is now incarcerated, he may appear by closed video teleconference.* We direct the trial court to make appropriate written findings of fact and conclusions of law and to execute any necessary orders on these issues:

1) Whether appellant still wishes to pursue this appeal;
2) If so, whether appellant is now indigent and entitled to appointed counsel; and, if indigent,
   a. appoint counsel on appeal, and
   b. order the court reporter to file the reporter's record with this Court at no cost to appellant;

---

\*    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

3) If appellant is not indigent:
   a. whether he has retained an attorney other than Nicole DeBorde to file a brief, and, if so, obtain the name, address, and telephone number of retained counsel;
   b. if appellant has not retained counsel, the trial court shall admonish appellant of the dangers and disadvantages of self-representation, and
      i. determine whether appellant is knowingly and intelligently waiving his right to counsel; or,
      ii. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (f); *Oliver v. State*, 872 S.W.2d 713, 716 (Tex. Crim. App. 1994) (en banc); *Minjares v. State*, 577 S.W.2d 222, 224 (Tex. Crim. App. 1978); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court shall have a court reporter, or court recorder, record the hearing and file the reporter's record with the Court no later than December 12, 2016. Additionally, the trial court's findings and recommendations and any orders issued pursuant to this hearing shall be included in a supplemental clerk's record and filed in this Court no later than December 12, 2016. If the hearing is conducted by video teleconference, a certified electronic copy of the hearing shall be filed in this Court no later than December 12, 2016.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the hearing are filed in this Court.

It is so ORDERED.

Judge's signature: /s/Michael Massengale
        ☒ Acting individually

Date: November 29, 2016